[Crim. No. 586. First Appellate District.—July 2, 1915.]

## THE PEOPLE, Respondent, v. JOSEPH KELLY, Appellant.

CRIMINAL LAW—GRAND LARCENY—EVIDENCE—SUFFICIENCY OF—ADMISSIONS.—In this prosecution for grand larceny it is held that the evidence was sufficient circumstantially to show the *corpus delicti,* and therefore a certain statement of the defendant involving an admission of guilt was properly admitted in evidence.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—WHEN NOT PREJUDICIAL.—While it is grave misconduct on the part of the district attorney to comment upon the failure of the defendant to take the witness stand in his own behalf, it is held in this case that the court having rebuked the district attorney and admonished the jury that the comment was uncalled for and should be disregarded, the misconduct did not contribute in any material measure to the conviction, and that there was no miscarriage of justice.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Frank J. Egan, and Fabian D. Brown, for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, and Frank L. Guerena, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was charged with the crime of grand larceny and was convicted. He appeals from the judgment and from an order denying his motion for a new trial.

The facts of the case show that on New Year's eve in the year 1914, he was observed by two detectives crowding and crushing in a throng of merry-makers on Market Street, San Francisco. The detectives, being there on the lookout for pick-pockets, paid particular attention to the defendant, and observed him lean around the body of an individual in the crowd, extend his hand, which, when he withdrew, the detectives grasped and found in it a purse containing seventy-five dollars in United States currency and gold coin. Thereupon

the defendant said to the officers, ''You've got me cold,'' and offered money to one of the officers if he and his brother officer would release him and relieve him from arrest.

We think the evidence recited concerning the conduct of the defendant while in the crowd is sufficient circumstantially to show the *corpus delicti,* and that therefore the statement of the defendant involving an admission of guilt was properly admitted in evidence against him.

We think the district attorney was guilty of grave misconduct in commenting on the failure of the defendant to take the witness stand in his own behalf, but it appears that upon the objection of counsel for the defendant the trial judge rebuked the district attorney, and in effect admonished the jury that the comment was uncalled for and should be disregarded.

We are convinced from a reading of the evidence that the defendant was justly convicted, and we are satisfied that the misconduct of the district attorney did not contribute in any material measure to that conviction; that is to say, we are satisfied that the defendant would have been convicted notwithstanding the misconduct of the district attorney. There has, therefore, been no miscarriage of justice in this case, and for that reason the judgment and order appealed from are affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 30, 1915.